# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PAUL E. FREE,<br><br>    Petitioner,<br><br>    v.<br><br>PAUL COPENHAVER,<br><br>    Respondent. | Case No. 1:14-cv-01542-AWI-GSA-HC<br><br>FINDINGS AND RECOMMENDATION REGARDING PETITION FOR WRIT OF HABEAS CORPUS<br><br>(ECF No. 1) |

    Petitioner is a federal prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241.

    In the petition filed on October 2, 2014, Petitioner challenges his 1995 conviction sustained in United States District Court for the Eastern District of Michigan. (Pet., ECF No. 1). Petitioner admits that he has previously sought habeas relief with respect to this conviction pursuant to 28 U.S.C. § 2255 in the Eastern District of Michigan in 2000 in case number cv-99-73802. (Pet. at 5). On June 12, 2002, the court denied Petitioner's 28 U.S.C. § 2255. (Pet. at 5).

    On July 7, 2008, the United States District Court for the Eastern District of Michigan denied Petitioner's motion styled "Motion to Reopen the Case An Independent Action Under Fed.R.Civ.P. 60(b), the All Writs Act, 28 U.S.C. § 1651, and the Court's Inherent Power to Protect the Integrity of the Judicial Process Based on Newly Discovered Evidence of Actual Innocence and Multiple Instances of Fraud Upon the Court-by Officers of the Court." See Free v. United States, 2008 U.S. Dist. LEXIS 51964, 2008 WL 2714121 (E.D. Mich. July 7, 2008).

On May 7, 2013, Petitioner's petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 was denied by this Court in Free v. Copenhaver, 2013 WL 1907505 (E.D.Ca. May 7, 2013). On May 20, 2014, the Ninth Circuit denied Petitioner's request for a certificate of appealability. See Free v. Copenhaver, 1:13-cv-00148, ECF No. 22.

# I.

# DISCUSSION

A federal court may not entertain an action over which it has no jurisdiction. Hernandez v. Campbell, 204 F.3d 861, 865 (9th Cir. 2000). A federal prisoner who wishes to challenge the validity or constitutionality of his conviction or sentence must do so by way of a motion to vacate, set aside, or correct the sentence under 28 U.S.C. § 2255. Tripati v. Henman, 843 F.2d 1160, 1162 (9th Cir.1988); Thompson v. Smith, 719 F.2d 938, 940 (8th Cir.1983); Broussard v. Lippman, 643 F.2d 1131, 1134 (5th Cir.1981). In such cases, only the sentencing court has jurisdiction. Tripati, 843 F.2d at 1163. In general, a prisoner may not collaterally attack a federal conviction or sentence by way of a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. Tripati, 843 F.2d at 1162; Grady v. United States, 929 F.2d 468, 470 (9th Cir.1991).

In contrast, a prisoner challenging the manner, location, or conditions of that sentence's execution must bring a petition for writ of habeas corpus under 28 U.S.C. § 2241 in the district where the petitioner is in custody. Stephens, 464 F.3d at 897; Hernandez v. Campbell, 204 F.3d 861, 864-65 (9th Cir.2000) (per curiam); Brown v. United States, 610 F.2d 672, 677 (9th Cir. 1990); Capaldi v. Pontesso, 135 F.3d 1122, 1123 (6th Cir. 1998); United States v. Tubwell, 37 F.3d 175, 177 (5th Cir. 1994); Kingsley v. Bureau of Prisons, 937 F.2d 26, 30 n.5 (2nd Cir. 1991); United States v. Jalili, 925 F.2d 889, 893-94 (6th Cir. 1991); Barden v. Keohane, 921 F.2d 476, 478-79 (3rd Cir. 1991); United States v. Hutchings, 835 F.2d 185, 186-87 (8th Cir. 1987).

In the instant petition, Petitioner claims that the government knowingly submitted false evidence, the Magistrate Judge manufactured false evidence on habeas review, his trial and

appellate counsel rendered ineffective assistance of counsel, the statute he was convicted under is unconstitutional, a witness committed perjury at trial, and he is innocent. (Pet. at 7-9). Petitioner's allegations are clearly a direct challenge to Petitioner's conviction, not to the execution of his sentence. Indeed, Petitioner concedes as much in his Petition. (Pet. at 3).

"The general rule is that a motion under 28 U.S.C. § 2255 is the exclusive means by which a federal prisoner may test the legality of his detention, and that restrictions on the availability of a § 2255 motion cannot be avoided through a petition under 28 U.S.C. § 2241." Stephens, 464 F.3d at 897 (citations omitted). Therefore, the proper vehicle for challenging a conviction is a motion to vacate, set aside, or correct the sentence pursuant to 28 U.S.C. § 2255.

Nevertheless, a "savings clause" exists in § 2255(e) by which a federal prisoner may seek relief under § 2241 if he can demonstrate the remedy available under § 2255 to be "inadequate or ineffective to test the validity of his detention." United States v. Pirro, 104 F.3d 297, 299 (9th Cir. 1997) (quoting § 2255); see Hernandez, 204 F.3d at 864-65. The Ninth Circuit has recognized that it is a very narrow exception. Ivy v. Pontesso, 328 F.3d 1057, 59 (9th Cir.) (as amended), cert. denied, 540 U.S. 1051 (2003).

Petitioner argues that § 2255 is inadequate and ineffective, because he has already filed § 2255 motions, which were denied. Under the AEDPA, a prisoner may not bring a second or successive § 2255 motion in district court unless "a panel of the appropriate court of appeals" certifies that the motion contains: (1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable. 28 U.S.C. § 2255; see Harrison v. Ollison, 519 F.3d 952, 955 (9th Cir. 2008). Petitioner has not described any attempt to file a second or successive petition based on his newly presented evidence of innocence. See 28 U.S.C. § 2255(h). Nor does it appear that Petitioner has attempted to present the claim of innocence to the appropriate United States Court of Appeals for certification. Id.

The remedy under § 2255 usually will not be deemed inadequate or ineffective merely

because a prior § 2255 motion was denied, or because a remedy under that section is procedurally barred. See Aronson v. May, 85 S.Ct. 3, 5 (1964) (finding that a prior § 2255 motion is insufficient to render § 2255 inadequate); Tripati, 843 F.2d at 1162-63 (holding that a petitioner's fears of bias or unequal treatment do not render a § 2255 petition inadequate); Williams v. Heritage, 250 F.2d 390 (9th Cir. 1957); Hildebrandt v. Swope, 229 F.2d 582 (9th Cir. 1956).

The Ninth Circuit has acknowledged that petitioners may proceed under Section 2241 pursuant to the "savings clause," because Section 2255 is inadequate, when the petitioner claims to be: "(1) factually innocent of the crime for which he has been convicted; and, (2) has never had an 'unobstructed procedural shot' at presenting this claim." Ivy, 328 F.3d at 1059-60 (citing Lorentsen v. Hood, 223 F.3d 950, 954 (9th Cir.2000)); see also Stephens, 464 F.3d at 898. In explaining that standard, the Ninth Circuit stated:

> In other words, it is not enough that the petitioner is presently barred from raising his claim of innocence by motion under § 2255. He must never have had the opportunity to raise it by motion.

Ivy, 328 F.3d at 1060. The burden is on the petitioner to show that the remedy is inadequate or ineffective. Redfield v. United States, 315 F.2d 76, 83 (9th Cir. 1963).

Petitioner has failed to demonstrate that his claims qualify under the "savings clause" of Section 2255 because Petitioner's claims are not proper claims of "actual innocence." In the Ninth Circuit, a claim of actual innocence for purposes of the Section 2255 "savings clause" is tested by the standard articulated by the United States Supreme Court in Bousley v. United States, 523 U.S. 614 (1998). In Bousley, the Supreme Court explained that, "[t]o establish actual innocence, petitioner must demonstrate that, in light of all the evidence, it is more likely than not that no reasonable juror would have convicted him." Bousley, 523 U.S. at 623 (internal quotation marks omitted). Furthermore, "actual innocence means factual innocence, not mere legal insufficiency." Id.

In the present case, Petitioner presents newly discovered evidence as a basis for the finding that the Court has authority to hear his § 2241 petition. Petitioner had previously filed a

petition for writ of habeas corpus pursuant to § 2241 in this Court, which was denied on May 7, 2013. Petitioner's instant petition is nearly identical to his previous petition except he now includes an affidavit from Douglas Shepard. (Pet., Ex. C).

Petitioner asserts that in August 2012, he received new information in the form of affidavits from a private investigator who interviewed a witness, Jeremy May. The affidavit from the private investigator about the conversation with Jeremy May contradicted testimony of the witnesses at trial regarding Petitioner's involvement in the transportation of drugs to Michigan. (Pet., Ex. D). Jeremy May told the private investigator that "there was never a man named Paul on the trip that got him arrested." (Pet., Ex. D). Petitioner further asserts that the affidavit and other information was presented to Douglas Shepard, who, with the assurance that Paul Atkinson was no longer alive, recanted his testimony, and submitted an affidavit attesting to that. (Pet., Ex. C). In Petitioner's previous petition, he submitted an affidavit from Investigator Victor Torres detailing the conversation that he had with Douglas Shepard and the information that is in Shepard's affidavit. (Pet., Exs. C and E). The Court notes that Victor Torres's affidavit states that Mr. Shepard told him that "he did not know the last name of the person known to him as Paul who was involved in the 1994 marijuana trafficking operation." (Pet., Ex. E).

Even though Petitioner attached various exhibits to the petition in support of his claims of innocence, including declarations and news articles, he has not made a sufficient showing. In addition, Petitioner fails to allege a single instance of fraudulent conduct by the government or the Court in the litigation of his § 2255 motion. Significant evidence supported the conviction, and the new evidence presented by Petitioner is not sufficient to show that no reasonable juror in light of the new evidence would have convicted him. See Free v. United States, 2008 WL 2714121 (E.D.Mich. July 7, 2008) (describing Petitioner's role in delivering large quantities of marijuana from Mexico to Michigan). Therefore, the Court finds that Petitioner has not demonstrated § 2255 constitutes an "inadequate or ineffective" remedy for raising his claims, and § 2241 is not the proper avenue for raising Petitioner's claims.

Furthermore, motions pursuant to § 2255 must be heard in the sentencing court. 28 U.S.C. § 2255(a); Hernandez, 204 F.3d at 864-65. Because this Court is only the custodial court

and construes the Petition as a §2255 motion, this Court lacks jurisdiction over the Petition. Hernandez, 204 F.3d at 864-65.  In sum, should Petitioner wish to pursue his claims in federal court, he must do so by way of a motion to vacate, set aside or correct his sentence pursuant to 28 U.S.C. § 2255 in the sentencing court.

## II.

## RECOMMENDATION

Accordingly, the Court RECOMMENDS that the petition for writ of habeas corpus be DISMISSED.

This Findings and Recommendation is submitted to the Honorable Anthony W. Ishii, United States District Court Judge, pursuant to the provisions of 28 U.S.C. section 636 (b)(1)(B) and Rule 304 of the Local Rules of Practice for the United States District Court, Eastern District of California.  Within thirty (30) days after the date of service of this Findings and Recommendation, any party may file written objections with the Court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendation."  Replies to the Objections shall be served and filed within fourteen (14) days after service of the Objections.

The Finding and Recommendation will then be submitted to the District Court for review of the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636 (b)(1)(c).  The parties are advised that failure to file objections within the specified time may waive the right to appeal the Order of the District Court.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:   **November 4, 2014**                        **/s/ Gary S. Austin**
                                                    UNITED STATES MAGISTRATE JUDGE