# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PAUL E. FREE,<br><br>  Petitioner,<br><br> v.<br><br>PAUL COPENHAVER,<br><br>  Respondent. | Case No. 1:14-cv-01542-AWI-GSA-HC<br><br>ORDER DENYING PETITIONER'S MOTION FOR REHEARING<br>(ECF No. 18) |

**I.**

**BACKGROUND**

Petitioner is a federal prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241.

On October 2, 2014, Petitioner filed his habeas petition in this Court pursuant to 28 U.S.C. § 2241. Petitioner challenges his 1995 conviction sustained in the United States District Court for the Eastern District of Michigan. (ECF No. 1). Petitioner admits that he had previously sought habeas relief with respect to this conviction pursuant to 28 U.S.C. § 2255 in the Eastern District of Michigan in 2000 in case number cv-99-73802. (ECF No. 1 at 5). On June 12, 2002, the Eastern District of Michigan denied Petitioner's 28 U.S.C. § 2255 petition.

On July 7, 2008, the United States District Court for the Eastern District of Michigan denied Petitioner's motion styled "Motion to Reopen the Case An Independent Action Under

Fed.R.Civ.P. 60(b), the All Writs Act, 28 U.S.C. § 1651, and the Court's Inherent Power to Protect the Integrity of the Judicial Process Based on Newly Discovered Evidence of Actual Innocence and Multiple Instances of Fraud Upon the Court-by Officers of the Court." See Free v. United States, 2008 U.S. Dist. LEXIS 51964, 2008 WL 2714121 (E.D. Mich. July 7, 2008).

On May 7, 2013, Petitioner's petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 was denied in case number 1:13-cv-00148-MJS. Free v. Copenhaver, 2013 WL 1907505 (E.D.Ca. May 7, 2013).[1] On May 20, 2014, the Ninth Circuit denied Petitioner's request for a certificate of appealability. See Free v. Copenhaver, 1:13-cv-00148, ECF No. 22.

In the present case, the Magistrate Judge issued a Findings and Recommendation on November 5, 2014, that recommended that the § 2241 petition be dismissed. (ECF No. 11). Petitioner filed timely objections to the Findings and Recommendation. (ECF No. 12). On December 1, 2014, Petitioner filed a motion to hold this action in abeyance pending the outcome of two cases. (ECF No. 13). On March 12, 2015, the Court issued an order adopting the Findings and Recommendation and dismissing the petition. (ECF No. 16). The Court also denied Petitioner's motion to hold the petition in abeyance. (Id.).

On April 1, 2015, Petitioner filed a motion for rehearing pursuant to Federal Rule of Civil Procedure 59(e). (ECF No. 18).

## II.

## STANDARD

A petitioner may file a motion for reconsideration of a final judgment by filing a motion to alter or amend the judgment under Federal Rule of Civil Procedure 59(e). Rule 59(e) provides that "[a] motion to alter or amend a judgment must be filed no later than 28 days after the entry of the judgment."

Reconsideration is appropriate if the district court (1) is presented with newly discovered evidence, (2) committed clear error or the initial decision was manifestly unjust, or (3) if there is an intervening change in controlling law. There may also be other, highly unusual,

---

[1] The instant petition presents nearly the same "new evidence" as Petitioner's May 7, 2013, federal habeas petition, except the instant petition also includes an affidavit from Douglas Shepard.

2

circumstances warranting reconsideration." School Dist. No. 1J, Multnomah County, Or. V. ACandS, Inc., 5 F.3d 1255, 1263 (9th Cir. 1993) (citations omitted).

## III.

## ANALYSIS

Petitioner argues that the Magistrate Judge did not apply the correct standard to the facts. Therefore, Petitioner seeks reconsideration because the Findings and Recommendation which was adopted by this Court was manifestly unjust and was clear error. Petitioner does not identify any arguments or evidence not already considered by the Magistrate Judge in this case. Petitioner again argues that he is actually innocent of the charges.

In the Ninth Circuit, a claim of actual innocence for purposes of the Section 2255 savings clause is tested by the standard articulated by the United States Supreme Court in Bousley v. United States, 523 U.S. 614 (1998). In Bousley, the Supreme Court explained that "[t]o establish actual innocence, petitioner must demonstrate that, in light of all the evidence, it is more likely than not that no reasonable juror would have convicted him." Id. at 623. Furthermore, "actual innocence means factual innocence, not mere legal insufficiency." Id. "[S]uch a claim requires petitioner to support his allegations of constitutional error with new reliable evidence -- whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence -- that was not presented at trial." Schlup v. Delo, 513 U.S. 298, 324 (1995).

In his petition, Petitioner presented newly discovered evidence to support his claim of actual innocence as a basis for a finding that the Court has authority to hear his § 2241 petition. Petitioner contends that Paul Atkinson, not Petitioner, committed the crimes that Petitioner was convicted of. Petitioner's prior Section 2241 petition which was denied on May 7, 2013, is nearly identical to the instant petition, except the instant petition now includes an affidavit from Douglas Shepard. See Free v. Copenhaver, 1:13-cv-00148-MJS. Even when the Court considers this affidavit from Shepard in addition to all of the evidence presented by Petitioner of his innocence and the evidence that was presented at trial, the Court still finds that Petitioner has not shown that no reasonable juror in light of the new evidence would have convicted him.

The affidavit from Douglas Gene Shepard states that:

> Soon after being arrested, when I was debriefed by agents, I was asked to identify the photo of the man named Paul who took me to Arizona to pick up loads of marijuana or was otherwise involved with me in the conspiracy. I saw that there were approximately six photos of men in the photo spread and I told DEA Agent Mark Thomas and Illinois State Investigator James Michael Girton that I could not identify any of them. Agent Thomas then went over to a window and Agent Girton put his finger on one of the photos and said: "This is Paul Free, this is the man we want" and he wrote the name Paul Free on that photo.

Affidavit of Douglas Gene Shepard, Pet., Ex. C.

Petitioner argues that it is possible that Shepard worked with Paul Atkinson and that Shepard identified Petitioner only because the agents insisted that he identify Petitioner and because Atkinson threatened to kill him if he did not. (ECF No. 18 at 15). Petitioner asserts that Shepard did not come forward with this evidence until after Atkinson died in 2012. However, the affidavit does not note why Shepard did not come forward with this information until he signed his affidavit on July 31, 2014. Petitioner has presented an affidavit from Shepard to support his claims, but declarations are not considered to be a very strong form of evidence. See Herrera v. Collins, 506 U.S. 390, 417 (1993) ("Petitioner's newly discovered evidence consists of affidavits. In the new context, motions based solely upon affidavits are disfavored because the affiants' statements are obtained without the benefit of cross-examination and an opportunity to make credibility determinations.").

Petitioner attempts to argue his innocence almost twenty years after his 1995 conviction. A court should consider a petitioner's diligence as part of the decision of whether the petitioner has shown actual innocence. McQuiggin v. Perkins, 133 S.Ct. 1924, 1936 (2013). In McQuiggin, the Supreme Court further described how significant delay may undermine the attempted showing of innocence:

> The State fears that a prisoner might "lie in wait and use stale evidence to collaterally attack his conviction ... when an elderly witness has died and cannot appear at a hearing to rebut new evidence." Brief for Petitioner 25. The timing of such a petition, however, should seriously undermine the credibility of the actual-innocence claim. Moreover, the deceased witness' prior testimony, which would have been subject to cross-examination, could be introduced in the event of a new trial. See Crawford v. Washington, 541 U.S. 36, 53–54, 124 S.Ct. 1354, 158 L.Ed.2d 177

        (2004) (recognizing exception to the Confrontation Clause where witness is unavailable and the defendant had a prior opportunity for cross-examination).

McQuiggin, 133 S.Ct. at 1936.

      The substantial delay of almost twenty years in presenting this claim does affect its credibility.  McQuiggin, 133 S.Ct. at 1936.  Petitioner also presents transcripts and other documentary evidence to support his claim, but most of this evidence was available to Petitioner many years before he filed the instant petition.  Almost all of Petitioner's claims and new evidence were presented in his prior petition to this Court in case number 1:13-cv-00148-MJS, except for Shepard's affidavit.  In Petitioner's motion in the Eastern District of Michigan to reopen the case, he argued his alibi defense, but the Eastern District of Michigan rejected his claims.  Petitioner argued that he had an alibi because he was a student taking classes at San Diego State University and that he had hotel records that proved he could not have been in two places at once.  Free v. United States, 2008 WL 2714121, at *4 (E.D.Mich. July 7, 2008).  The court noted in its order on the motion to reopen the case that Petitioner had raised these claims in his Section 2255 motion.  Id.  The court also noted that the college enrollment records and the hotel records were both introduced at trial, and the case agent was examined about the alleged inconsistency of the hotel records.  Id.  As Petitioner has presented some of this new evidence to courts in previous petitions and motions, the Court has considered Petitioner's efforts in the past to present this new evidence in evaluating whether Petitioner was diligent in bringing his claims before the courts.

      Petitioner's convictions were supported by substantial physical and testimonial evidence at trial.  See Free v. United States, 2008 WL 2714121, at *1-2 (E.D.Mich. July 7, 2008) (describing Petitioner's role in delivering large quantities of marijuana from Mexico to Michigan).  The Court has considered not only the evidence presented by Petitioner of his innocence, but also the evidence presented at trial.  The Court is not persuaded that in light of all the evidence, it is more likely than not that no reasonable juror would have convicted him.  See Bousley, 523 U.S. at 623.  Therefore, Petitioner's arguments present no basis for the Court to reconsider its decision to adopt the Magistrate Judge's Findings and Recommendation and

dismiss the petition.

Petitioner also asks the Court to reconsider its decision declining to issue a certificate of appealability. Petitioner argues, in the alternative, that no certificate of appealability is required, but if a certificate is required, the circumstances in this case warrant its issuance. As Petitioner's petition is not a legitimate § 2241 petition brought pursuant to the savings clause of § 2255, the Court finds that Petitioner's § 2241 petition is merely a "disguised § 2255 petition" which requires a certificate of appealability to appeal. See Porter v. Adams, 244 F.3d 1006, 1006-07 (9th Cir. 2001) (holding that petitioners need a Certificate of Appealability to appeal from the denial of a Section 2241 petition that is merely a disguised Section 2255 petition). The Court finds that reasonable jurists would not find the Court's determination that Petitioner is not entitled to federal habeas corpus relief debatable, wrong, or deserving of encouragement to proceed further. Petitioner has not made the required substantial showing of the denial of a constitutional right. Accordingly, Petitioner's arguments present no basis for the Court to reconsider its decision that a certificate of appealability is required for Petitioner's "disguised § 2255 petition" and its decision declining to issue a certificate of appealability.

## IV.

## ORDER

Accordingly, IT IS HEREBY ORDERED that Petitioner's motion for reconsideration pursuant to Federal Rule of Civil Procedure 59(e) is DENIED.

IT IS SO ORDERED.

Dated:   June 1, 2015                                       _____
                                                            SENIOR DISTRICT JUDGE